BRADFORD, Judge,
concurring in result.
While I concur with the majority’s holding, I would reach that result by a different route. At the outset I think it is fair to note that Bryant’s attack on the BMV’s notice is one on the details of the notice, said details not even required by the statute. Indiana Code section 9-30-10-5(a) does not require that the BMV’s notice of suspension identify the violations supporting an HTV determination with any specificity:
If it appears from the records maintained by the bureau that a person’s driving record makes the person a habitual violator under section 4 of this chapter, the bureau shall mail a notice to the person’s last known address that informs the person that the person’s driving privileges will be suspended in thirty (30) days because the person is a habitu *814 al violator according to the records of the bureau.
If Bryant had challenged his suspension with the BMV, I think we can all agree that the agency would almost certainly have simply issued a new notice correctly listing the “Operating per se .08” conviction under Cause 361.
In addition, I agree that Bryant’s suspension must be considered valid until challenged; however, I would decide this case on the more fundamental basis that there is simply no way that Bryant can establish that his suspension suffers from material error within the meaning of the Indiana Supreme Court’s holding in Oney. Oney is clear that in order for a conviction to be set aside on the basis of “material error,” it must be established that the claimant is actually innocent of the charge, something that Bryant does not even allege. Oney, 993 N.E.2d at 163 (“And for our purposes, error is material only if Oney was actually innocent of the charge, or in the language of Starks the error is material ‘if the underlying offense was not committed.’ ” (citation omitted)). Although Bryant correctly notes that he was not convicted of “Operating per se .08” in Cause 312, in no way does this establish that he did not commit such a crime. Because Bryant has not established material error in any of the convictions underlying his HTV determination, he cannot successfully challenge his suspension on that basis. Because Bryant cannot establish that his suspension was invalid, he cannot successfully challenge his operating a vehicle as an HTV conviction on that basis. I would dispose of Bryant’s appeal on that ground, and therefore respectfully concur in result.